This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO.   33,311**

**BECKY MARTINEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}     Becky Martinez (Defendant) appeals from the district court's denial of her motion to suppress, following her conviction in magistrate court for DWI (third offense), pursuant to a conditional plea reserving the suppression issue. [RP 121] Our second notice proposed to dismiss for lack of a final order. Defendant filed a response in opposition to summary dismissal. We are not persuaded by Defendant's arguments and therefore dismiss.

{2}     As we explained in our notice, under its limited review as provided by Defendant's magistrate court conditional plea, [Ct.App.File, red clips] the district court considered Defendant's suppression arguments in a de novo hearing [RP 90, 92, 116] and, ultimately, entered an order denying Defendant's motion to suppress. [RP 121] While the district court denied Defendant's motion to suppress, [RP 129, 134] it did not also enter an order dismissing Defendant's appeal. *See State v. Celusniak*, 2004-NMCA-070, ¶¶ 14, 15, 135 N.M. 728, 93 P.3d 10 (providing that, if the district court, following a conditional plea in magistrate court, enters an order denying the defendant's motion to suppress, then it has ruled on all the matters before it *and dismissal of the appeal by the district court is the mechanism for disposing of the appeal*) (emphasis added). Thus, absent an order by the district court dismissing Defendant's appeal, we lack a final order. *Cf. id.* ¶ 10 (recognizing that dismissal of the appeal is appropriate when the court has ruled on all matters before it); *see also*

*Khalsa v. Levinson*, 1998-NMCA-110, ¶ 13, 125 N.M. 680, 964 P.2d 844 (providing that an order is final if it includes "decretal language that carries the decision into effect by ordering that something happen").

{3}     In response to our notice, Defendant emphasizes that there are no issues remaining to be adjudicated on the merits and, irrespective of the lack of a final order of dismissal as required by *Celusniak*, requests that this Court consider the merits of her appeal.  [response 1]  Alternatively, Defendant requests that this Court issue a limited remand to the district court for entry of the requisite final order.  [response 2] Defendant's request is not well taken.  Because there is obvious confusion as to what we held was the proper procedure to enter conditional pleas in the magistrate courts and resolve their appeal in the district courts in *Celusniak*, we reiterate our directive as follows:

> In magistrate court, the defendant may enter a conditional plea of guilty or no contest, reserving one or more issues for appeal.  The magistrate court then enters a judgment and sentence that embodies the provisions of the plea agreement.  Rule 6-502(D)(3) (plea agreement procedure in magistrate court).  The judgment should also expressly set out the issues reserved for appeal.  *See* Form 9-408C NMRA [(]2004[)] (conditional plea).  The defendant has [fifteen] days to file his or her notice of appeal to the district court.  The district court hears only the matters reserved, and it hears these de novo.  The district court then issues an order resolving the matters before it.  For example, on a motion to suppress, if the court rules in the defendant's favor, it will enter an order granting the motion to suppress; if not, it will enter an order denying it and, as it has ruled on all the matters before it, dismissing the appeal.

*Celusniak*, 2004-NMCA-070, ¶ 10.

3

**{4}** In this case, we find neither the magistrate court nor counsel, nor the district court following this procedure. The district court's order granting or denying the suppression must, if that is the only issue concerned in the appeal, also contain language dismissing the appeal when the issue(s) on appeal have been resolved. There being no such language in this case, the district court's order is not final, and we have no jurisdiction to consider this appeal and, accordingly, dismiss it.

**{5}** **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**CYNTHIA A. FRY, Judge**